In such case the complaint is bad, whether the objection to it be sustained or overruled. I cannot conceive of a case in which the rule of interpretation could be made so elastic as to supply an essential averment, wholly lacking in the complaint.

I concur in the conclusion announced in Judge Whiting's opinion.

---

· STATE, Respondent, v. ANDERSON, et al., Appellant.

(145 N. W. 435.)

**Appeal—Briefs, Failure to File—Affirmance.**

> Where no briefs are filed, appeal is deemed abandoned, and judgment appealed from affirmed.

(Opinion filed February 14, 1914.)

·Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Proceeding by the State against Carl Anderson and others. From a judgment for the State, defendants appeal. Affirmed.

*J. R. Cash,* and *Starcher & Parish,* for Appellants.

No appearance for Respondent.

McCOY, J. No briefs having been filed in this cause, the appeal will be deemed abandoned, and the judgment appealed from affirmed.

---

ADAMS, Appellant, v. SCOTT, Respondent.

(145 N. W. 446.)

1. **Libel and Slander—Actionable Words—Words Tending to Injure Business.**

> A newspaper article charging that a certain man abused a girl at plaintiff's hotel, and was sent to federal prison for five years for driving her insane with letters he wrote, was actionable per se, under Civ. Code, Sec. 29, defining libel, since the natural and proximate consequences of such article would occasion some degree of pecuniary loss to the business of plaintiff, who was lessee of the hotel.

2. **Same—Pleading—Actionable Per Se—Charging Public Offense, Non-necessity of.**

> It is not necessary, in order to render a publication actionable per se, that it should charge a crime or public offense.